■ In the Matter of the Claim of PEDRO BERRIOS, Respondent, v. PARK SULGRAVE, INC. et al., Respondents, and SECURITY MUTUAL INSURANCE COMPANY OF NEW YORK et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the board which established an accident on September 29, 1954 and found a permanent disability. The same employer is involved but different carriers for the different accidents. Claimant, 66 years old, worked as a dishwasher for the employer for approximately 10 years. He suffered a back injury in May, 1954, which is not disputed. In June, 1955, he filed a claim for an accident alleged to have happened September 29, 1954. He testified that while lifting a garbage can he felt a pain in his back and that he reported the incident to his supervisor who sent him to a medical clinic. He was further substantiated by a fellow employee who stated he heard him yell " ouch " and drop the can. The board found such evidence sustained the happening of an accident in September, 1954. The claimant had suffered for a long time from an arthritic spine condition and after the May, 1954 accident it was determined he had a lumbar sacral strain. There was medical testimony that whereas before the September accident the claimant had suffered from a sciatic syndrome, following that accident there was a protrusion of the disc which directly caused the resulting disability. Another doctor testified that although claimant had a degenerative back condition, both accidents contributed to the disability and that the September accident was the final insult to a previously weakened ligament. The carrier's doctor ascribed his back pathology to advanced osteoarthritic changes but stated lifting would increase the severity of the symptoms to a greater degree. We have previously discussed back injuries and the ever present problem in such cases of what constitutes an industrial accident, an aggravation or some other association with back pathology. (*Matter of Hogan* v. *Weldmaster Co.*, 11 A D 2d 557; *Matter of Britton* v. *Ruberoid Co.*, 12 A D 2d 566.) The present facts are similar to those in *Matter of Giordano* v. *Hudson Dairy Co.* (6 A D 2d 936) where a claimant with a previously injured back stepped off a curb, experienced pain, and was found to have suffered an accident. The medical testimony is likewise similar where following the accident there was a herniated intervertebral disc not present before. We are satisfied there is sufficient testimony to establish the happening of an accident on the date in question and while there was a conflict in the medical testimony, the board having found in favor of the claimant, the testimony adduced by him was sufficient to constitute substantial evidence. As to the award of compensation from September 29, 1954 to November 26, 1958, a report filed by the claimant's doctor dated November 17, 1958 stated that he was permanently disabled and unable to do any work at that time. The employer's report of accident stated claimant's weekly salary was $50, which was likewise verified by him and not disputed by the employer or its carrier. Such testimony was sufficient for the purpose of establishing a wage base. The board's finding directed a continuance of payment for " reduced earnings " although it found and stated in its finding he was totally disabled during the period in issue. This apparently was an error in terminology which in no way affected the determination of the board. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board.